UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-226-FMO (MAN) | Date | July 20, 2015 |
|---|---|---|---|
| Title | *Calin Gatison v. Carolyn W. Colvin* | | |

| Present: The Honorable | MARGARET A. NAGLE, UNITED STATES MAGISTRATE JUDGE |
|---|---|
| Mel Zavala | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    (In Chambers)  Order

On April 27, 2015, defendant filed a Motion to Dismiss ("Motion"). By the Motion, defendant contends that this action should be dismissed for lack of jurisdiction, because the Administrative Law Judge ("ALJ") dismissed plaintiff's request for a hearing after plaintiff failed to appear, rather than issuing a final decision within the meaning of 42 U.S.C. § 405(g). (Motion at 2; *see also* Exhibit 3 at 4-5.)

On April 30, 2015, the Court issued an Order To Show Cause why the Motion should not be granted. On May 20, 2015, plaintiff filed his Response To The Order To Show Cause ("Response"). In the Response, plaintiff asserts that, when his name was called for the 10:00 a.m. hearing before the ALJ, he was "standing in line to be searched" and his attorney was in the hearing hall. (Response at 4-5.) When he entered the hearing hall ten minutes later, plaintiff was "not allowed a hearing." (*Id.* at 5.) Plaintiff's attorney subsequently asked for a hearing, and his request was denied. (*Id.*) The ALJ then dismissed plaintiff's request for a hearing on the grounds that "neither the claimant nor his representative appeared." (Response, Exh. 2.)

Plaintiff's attorney then filed a Motion To Vacate Dismissal ("Motion To Vacate"), which asserted, as plaintiff does in his Response, that plaintiff's attorney was present and ready to proceed at the scheduled start time of the hearing, even though plaintiff arrived 20 minutes late. (Response, Exh 1.)

Because an ALJ is not permitted to dismiss a claimant's request for a hearing when the claimant's appointed representative appears at the hearing, the Court ordered defendant to file a Reply to plaintiff's Response. On July 15, 2015, defendant filed the Reply, which contends that the Motion should be granted, because: (1) neither plaintiff nor his counsel offered affidavits or other competent evidence verifying their statements; (2) the record of the hearing does not reflect that counsel was present as plaintiff claims; and (3) prior to the hearing date, neither counsel nor plaintiff returned the Acknowledgment of Receipt (Notice of Hearing) or the Notice of Hearing – Important

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-226-FMO (MAN) | Date | July 20, 2015 |
|---|---|---|---|
| Title | *Calin Gatison v. Carolyn W. Colvin* | | |

Reminder.  (Reply at 2.)

It appears that dismissal is warranted, because plaintiff's version of the facts is unverified and he has provided no competent proof of his allegations that the Court has subject matter jurisdiction. *See* Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 377 (1994) (when presented with a motion to dismiss for lack of subject matter jurisdiction, a plaintiff has the burden to demonstrate that the Court has jurisdiction); *see also* White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (the court need not presume the truthfulness of the plaintiff's allegations under a factual attack); McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (the court may review any evidence, such as affidavits, to resolve factual disputes about the existence of jurisdiction). Nevertheless, the Court believes it is appropriate to provide plaintiff one last opportunity to be heard on this issue.

Accordingly, on or before **August 10, 2015**, plaintiff is **ORDERED TO SHOW GOOD CAUSE**, if any exists, why the Court should not grant the Motion, **and further, he must submit competent evidence, such as an affidavit signed under penalty of perjury, supporting his allegations**. Alternatively, if plaintiff no longer opposes the Motion, he may satisfy his obligation under this Order by filing a Notice of Dismissal.

The Clerk is directed to send to plaintiff a copy of Form CV-009 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)).

**Plaintiff is expressly cautioned that his failure to timely respond to this Order will be deemed to constitute a consent to the granting of the Motion pursuant to Local Rule 7-12, and further, could result in the dismissal of the action, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1, for failure to prosecute.**

**IT IS SO ORDERED.**

:

Initials of Preparer