UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 15-226-FMO (KLS)                                            Date: October 13, 2015

Title   _Calvin Gatison v. Carolyn W. Colvin_


Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

                Roxanne Horan-Walker
                    Deputy Clerk                                         Court Reporter / Recorder

       Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings: ORDER REQUIRING ADDITIONAL BRIEFING**

   On January 12, 2015, plaintiff, proceeding _pro se_, filed a Complaint for review of a decision of the Commissioner of Social Security. (Dkt. No. 1.) Plaintiff alleged that he was improperly denied a hearing on his claim for disability benefits after the Administrative Law Judge ("ALJ") dismissed his request for a hearing despite the appearance of plaintiff's attorney at the hearing. Defendant initially moved to have the Complaint dismissed on the grounds that the Commissioner did not issue a final decision after a hearing on plaintiff's application for benefits and, thus, the Court lacked subject-matter jurisdiction. (Dkt. No. 12.) However, on August 26, 2015, after extensive briefing on the issue, defendant withdrew her Motion to Dismiss the Complaint. (Dkt. No. 28.)

   Following defendant's withdrawal of the Motion to Dismiss, the Court directed defendant to either file an Answer to the Complaint, or, in the alternative, file a motion for remand. (Dkt. No. 29) _see also_ 42 U.S.C. § 405(g) ("The court may, on motion of the Commissioner of Social Security made for good cause shown _before_ the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Comissioner of Social Security." (emphasis added)). On October 9, 2015, defendant filed an Answer: (1) admitting the factual allegations of the Complaint to the extent they establish that defendant did not issue a final decision on plaintiff's application for benefits; (2) acknowledging that "it appears that Defendant _might_ have mistakenly dismissed [plaintiff's] hearing request"; and (3) stating that, to the extent that she is required to respond to plaintiff's prayer for relief, "this case should be remanded for an ALJ hearing." (Dkt. No. 30) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 15-226-FMO (KLS)                                                      Date: October 13, 2015

Title        *Calvin Gatison v. Carolyn W. Colvin*

      Defendant's decision to file an Answer but not admit the allegation that is the touchstone of the Complaint – namely that plaintiff was improperly denied a hearing – leaves this case in an unusual procedural posture.  Although it appears that both parties agree that an order of remand for further proceedings would be appropriate, no party has expressly requested one.  Further, defendant has declined to admit that the ALJ erred when he dismissed plaintiff's request for a hearing, and thus the parties continue to dispute whether the ALJ did in fact err and a judgment of reversal is warranted.  *See also* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.")

      However, the propriety of the ALJ's decision to dismiss plaintiff's request for a hearing was briefed extensively in the context of defendant's Motion To Dismiss (which has now been withdrawn), and it therefore appears to the Court that any additional briefing on this issue would be redundant.  Defendant is therefore **ORDERED TO SHOW CAUSE on or before October 23, 2015** why the ALJ's hearing dismissal should not be reversed and the matter remanded for further proceedings on the basis of the briefing that has already occurred.  In the alternative, defendant may discharge this Order by filing a Voluntary Motion To Remand.

      **IT IS SO ORDERED.**

                                                                                :
                                                     **Initials of Preparer**